PROB 12C
(Rev.2011)

# United States District Court
for
Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. **65** ]

Name of Offender: <u>Emoe Zakiaya Mosi Bakari</u>  Case Number: <u>3:04-00026-01</u>

Name of Judicial Officer: <u>The Honorable William J. Haynes, Jr., Senior U.S. District Judge</u>

Date of Original Sentence: <u>July 18, 2005</u>

Original Offense: <u>18 U.S. C.§922(g)(1): Convicted Felon in Possession of a Firearm</u>

Original Sentence: <u>57 months' custody and 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>September 10, 2007</u>

Assistant U.S. Attorney: <u>Hal McDonough</u>   Defense Attorney: <u>Mariah A. Wooten</u>

---

### PETITIONING THE COURT

___ To issue a Summons
___ To issue a Warrant
**X** To Consider Additional Violations / Information

---

### THE COURT ORDERS:
☒ Consideration of Additional Violations / Information
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this ___ day of _____, 2015,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Senior U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Donna Jackson
Intensive Supervision Specialist

Place    Nashville, TN

Date    May 15, 2015

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 65, has been amended as follows:

    Violation No. 6 - has been added to include drug use.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
| --- | --- |

**1.**     **The defendant shall not commit another federal, state or local crime.**

Mr. Bakari, AKA Eric Lamont Pullen, was arrested on February 20, 2014, by the Metro Nashville Police Department, and charged with Sex Offender Residential/Victim Violation, Sex Offender Registration Violation - 1st offense and Community Supervision Violation by Felony Offense. The affidavits allege Mr. Bakari established a primary residence within 1,000 feet of two child care facilities in violation of the Tennessee Sex Offender/Violent Sex Offender Registration, Verification and Tracking Act of 2004, he failed to update the Sex Offender Registry when he established a primary residence and violation of Community Supervision for Life by being charged with the two previously listed offenses. All offenses are Class E Felonies.

Mr. Bakari was convicted on one count of Sex Offender Registration Violation, Class E Felony, on April 3, 2014, and was sentenced to serve 90 days' custody. The other charges were dismissed.

**2.**     **The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.**

Mr. Bakari was under federal supervised release when he was arrested by the state on August 19, 2008, for Child Rape (2 counts) and Aggravated Sexual Battery (5 counts). These offenses occurred prior to Mr. Bakari starting supervised release. He was convicted of one count of Child Rape and held in state custody until February 10, 2014. Upon his release from state custody, he failed to report to the U.S. Probation Office as required.

**3.**     **The defendant shall participate in an evaluation by an approved sex offender treatment provider, and treatment as deemed appropriate, as directed by the probation officer.**

Mr. Bakari was initially assessed for sex offender treatment on October 2, 2007. Treatment was recommended at that time by the treatment provider, Dr. Donna Moore, but due to his denial, he was recommended for a polygraph examination. Mr. Bakari was not able to undergo the polygraph examination due to his incarceration on a state conviction. Upon his release back to supervision, Mr. Bakari resumed treatment services with Dr. Moore in July 2014. During the course of treatment, the offender missed four scheduled appointments and came unprepared for another appointment. Mr. Bakari was dismissed from treatment on October 14, 2014, for excessive absences. Please review the attached document from treatment provider Dr. Donna Moore.

4. __The defendant shall not commit another federal, state or local crime.__

   Mr. Bakari, AKA Eric Lamont Pullen, was arrested on December 3, 2014, by the Metro Nashville Police Department, and charged with Community Supervision Violation by Felony Offense (Felony), Community Supervision Violation by Non-Criminal Offense (Misdemeanor), and Sex Offender Registration Violation, 2nd Offense (Felony). State Probation Officer Mark Eley conducted a search of the offender's phone and found him to be in possession of a phone with internet capabilities. A search of the browsing history showed numerous searches for pornographic websites. Mr. Bakari had not been granted permission by officer Eley to obtain a phone with internet capabilities. The search also revealed the offender was operating a Facebook account under the identity of Emoe Moses.

   On December 5, 2014, Mr. Bakari plead guilty to Attempted Sex Offender Registration Violation, 2nd Offense, Misdemeanor. All other charges were dismissed. The offender was sentenced to 11 months' 29 days custody, suspend all but 90 days to serve.

5. __The defendant shall participate in an evaluation by an approved sex offender treatment provider, and treatment as deemed appropriate, as directed by the probation officer.__

   Mr. Bakari returned to sex offender treatment on January 27, 2015. He attended treatment as scheduled from January 27, 2015, to March 24, 2015. Mr. Bakari missed his individual session on March 24, 2015. During the group session on March 24, Mr. Bakari was asked why he missed his individual session on that date. He advised his individual session is scheduled for the last Tuesday of each month. He was reminded by Dr. Moore that his individual session is on the fourth Tuesday of each month. She rescheduled him for March 31, 2015. Mr. Bakari missed his session on March 31, 2015, as well. Dr. Moore reported the offender called 90 minutes after his scheduled appointment time, advising he had transportation difficulties. During the group session on March 31, 2015, Mr. Bakari informed he had no transportation and no telephone to call the psychologist to cancel and reschedule. Mr. Bakari failed to turn in a check-in sheet, as required, during this session. Mr. Bakari was terminated from treatment on March 31, 2015, for failure to attend scheduled sessions.

6. __The defendant shall refrain from any unlawful use of a controlled substance.__

   **Mr. Bakari reported to the probation office on May 14, 2015, and was given a drug test. The test was positive for marijuana. Mr. Bakari admitted smoking marijuana two days prior with other residents at the Nashville Rescue Mission. He reported he was celebrating the fact that his violation hearing was continued and he was not going to jail.**

__Compliance with Supervision Conditions and Prior Interventions:__

Mr. Bakari began his term of supervised release on September 10, 2007. He was arrested on August 19, 2008, and remained in state custody until May 19, 2014. His time on federal supervision was tolled. Mr. Bakari had two prior violation reports submitted to Your Honor regarding illegal drug use and contact with a minor. Mr. Bakari resumed supervision on June 27, 2014, after his release from state custody. Mr. Bakari served a 45-day state custody sentence beginning December 3, 2014, and ending January 17, 2015. He

resumed federal supervision on January 17, 2015.

Mr. Bakari is currently homeless and living at the Nashville Rescue Mission. **He quit his job with Centurion Stone due to medical issues. Mr. Bakari has been placed in random phase drug testing due to his recent admission of drug use. According to the offender and his attorney, Ms. Wooten, the offender is enrolled in sex offender treatment with Tony Rankin. This officer has been unable to verify this information with the treatment provider at this time.**

## Update of Offender Characteristics:

There is no additional information relevant to this section that has not already been provided in this petition.

## U.S. Probation Officer Recommendation:

It is respectfully recommended that Your Honor consider this additional violation and information when Emoe Bakari appears before the Court for the revocation hearing, currently scheduled for August 10, 2015.

Assistant U.S. Attorney Hal McDonough concurs with the probation officer's recommendation.


Approved: _____
　　　　　　Britton Shelton
　　　　　　Supervisory U.S. Probation Officer

SENTENCING RECOMMENDATION
UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
UNITED STATES V. EMOE ZAKIAYA MOSI BAKARI, CASE NO. 3:04-00026-01

**GRADE OF VIOLATION:** B
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** Post April 30, 2003   Protect Act Provisions

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 21 - 27 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment *18 U.S.C. 3583(h)* | 1 - 3 years *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

18 U.S.C. § 3583(e)(3) The court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade A or B violation, the Court shall revoke probation or supervised release.

Respectfully Submitted,

Donna Jackson
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Emoe Zakiaya Mosi Bakari

2. **Docket Number** *(Year-Sequence-Defendant No.)*  0650 3:04CR00026 - 1

3. **District/Office** Middle District of Tennessee / Nashville

4. **Original Sentence Date**  09 / 10 / 2007
   *month    day    year*

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Shall not commit another federal, state or local crime | B |
   | Shall report to the probation office within 72 hours of release | C |
   | Shall participate in an evaluation by an approved sex offender treatment provider, and treatment as deemed appropriate, as directed by the probation officer | C |
   | Shall not commit another federal, state or local crime | C |
   | Shall refrain from any unlawful use of a controlled substance | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*   B

9. **Criminal History Category** *(see §7B1.4(a))*   VI

10. **Range of Imprisonment** *(see §7B1.4(a))*   21 - 27 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☒ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Emoe Zakiaya Mosi Bakari

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____  Community Confinement _____

    Fine($) _____  Home Detention _____

    Other _____  Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002